# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain LAITH G. COX**
**United States Army, Appellant**

ARMY 20130923

Headquarters, U.S. Army Maneuver Support Center of Excellence
Jeffrey R. Nance and Gregory A. Gross, Military Judges
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant:  Captain Jennifer K. Beerman, JA; Mr. Frank J. Spinner, Esquire (on brief); Captain Jennifer K. Beerman, JA; Mr. Frank J. Spinner, Esquire (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major John K. Choike, JA (on brief).

29 April 2016

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Judge:

An officer panel of sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of aggravated sexual assault of a child, two specifications of indecent liberties with a child, three specifications of sodomy with a child who had attained the age of 12 years but was under age of sixteen years, one specification of conduct unbecoming an officer, three specifications of indecent language to a child, one specification of producing child pornography, one specification of viewing child pornography, and one specification of obstructing justice, in violation of Articles 120, 125, 133 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 933, 934 (2006 & Supp. IV 2011) [hereinafter UCMJ].  The panel sentenced appellant to a dismissal and confinement for forty

years.  The convening authority approved the findings and sentence as adjudged and credited appellant with nineteen days against the sentence to confinement.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate defense counsel raises four errors, one of which merits discussion and partial relief.[1]  After review of the entire record, we find no evidence to support various specifications of Charge III as being prejudicial to good order and discipline in the armed forces.  We will provide relief in our decretal paragraph.

## FACTS

Appellant, a thirty-two year old, married man, met Miss DS, a fourteen year old girl,[2] on an adult-oriented website.[3]  On that website, DS represented herself as a nineteen year old woman.[4]  Appellant contacted DS through the website.  They spoke several times on the phone and communicated through electronic media to include text messages and email.  On 11 September 2011, appellant set up a time to meet DS in Norman, Oklahoma.  On their first meeting appellant met DS in a parking lot across the street from where she lived with her mother and younger sisters.  They engaged in sexual intercourse in appellant's vehicle and appellant took photos of DS in various stages of undress.  Later that night, appellant met DS in the same parking lot.  They drove to a motel where appellant engaged in anal, oral and vaginal intercourse with DS.  Appellant took photographs and video-recorded the sexual acts with DS.

On 1 October 2011, appellant visited DS again.  He picked her up in a parking lot near her home and drove to a motel.  While at the motel, they again engaged in various sexual acts to include anal, oral and, vaginal intercourse.  Appellant once again took photographs and video-recorded these sexual acts.

---

[1] We have also reviewed those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit.

[2] DS testified she was born on 25 September 1996.  Thus at the time of the incident on 11 September 2011, she was fourteen years old.

[3] The adult-oriented website is for people who would like to indulge in their sexual fantasies, and a relationship site for people who want a fling, casual dating, or sexual encounter with men, women, transsexuals, and/or couples.

[4] The website does not allow guests under the age of eighteen to register for the website.  At the time of trial DS was seventeen years old.

Appellant and DS discussed her age on several occasions.  DS testified that before they met, she was on the telephone with appellant while she was attending a "kid's party."  When appellant inquired as to why she was at a "kid's party," she told him she was fourteen years old and he replied, "[i]t doesn't really matter.  I already like you anyway."  According to DS she never told him any other age other than fourteen with the exception of what he saw posted on the adult-oriented website.  On the video taken on 11 September 2011, prior to any sexual acts occurring, appellant asked DS to state her name and her age, and DS responded with her name and "fourteen."  DS was aware that appellant was in the Army because he told her.  Law enforcement located appellant by contacting a military installation.

## LAW AND ANALYSIS

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).  The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002).  In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).  The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

Appellant claims there is no evidence that the conduct alleged in Specifications 1, 2, 4 and 5 of Charge III was prejudicial to good order and discipline.[5]  We have no dispute that appellant engaged in such conduct, as photographs and videos were admitted at trial of appellant engaging in the conduct as charged.  Appellant informed DS that he was in the military and civilian law enforcement officials contacted a military installation to obtain information about appellant's location.  The evidence is more than sufficient to support a finding appellant's conduct was service discrediting.

However, our review of the record discloses no evidence to show that appellant's misconduct had any impact on the good order and discipline of his unit.

---

[5] Appellant alleges that the evidence is factually insufficient to sustain a conviction of the specifications alleged in Charges I and III and the Additional Charge.  We only address the sufficiency of Charge III and its specifications as they pertain to prejudice to good order and discipline.

COX—ARMY 20130923

We find the evidence to be less than minimal and insufficient to sustain a finding of guilty as to that language.

**CONCLUSION**

Having completed our review and in consideration of the entire record, we AFFIRM only so much of the Specifications 1, 2, 4 and 5 of Charge III as finds:

> Specification 1:  In that [appellant], did, while on board the SS OAK HILL and/or assigned to Key West Naval Air Station,[6] on or about 10 December 2011, in writing communicate to Ms. [DS], a child under the age of 16 years, certain indecent language, to wit:
>
>> "I would wear a mask, so all she would know is that I was hella old, and then just to make my point I would pull out of you and nut on her face.  Then as it dripped down cuz she couldn't wipe it cuz her hands are tied, I'd just fuck you again,"
>>
>> "I was getting worried I wouldn't get to pound your sexy ass again,"
>>
>> "I need my little sluts pussy like now,"
>>
>> "you still want me to rape you,"
>>
>> "I wish I could come over there and fuck you all over her bed,"
>>
>> "I could really use some pussy right now, its been fucking months,"
>
> or words to that effect, and that such conduct was of a nature to bring discredit upon the armed forces.

---

[6] In Specification 1 and 2 of Charge III, appellant was charged with "while on board the SS OAK HILL; he was found guilty except the words "SS OAK HILL" substituting therefore the words "SS OAK HILL and/or assigned to Key West Naval Air Station."  We note the proper designation of this vessel is "USS Oak Hill."  We hold the incorrect designation harmless in Specifications 1, 2, and 5 of Charge III.

4

Specification 2:  In that [appellant], did, while on board the SS OAK HILL and/or assigned to Key West Naval Air Station on about 24 December 2011, in writing communicate to Ms. [DS], a child under the age of 16 years, certain indecent language, to wit:

> "remember what I said that one time about fucking you in front of her and then bustin my nut all over her face,"

> "how about you just bring her alone and she can watch me fuck you and then we will see what she is up for,"

> "who is [KW]? Well I'd like to fuck around with her"

> "I just want her to watch me fuck you and suck on my dick a little and video me cumming on her, you think she would come and play, and I promise I won't fuck her, thats what I want for Christmas,"

or words to that effect, and that such conduct was of a nature to bring discredit upon the armed forces.

Specification 4:  In that [appellant], did at or near Norman, Oklahoma, between on and about 11 September 2011 to on or about 2 October 2011, knowingly and wrongfully produce child pornography to wit:  a video of sexually explicit conduct between the said [appellant] and Ms. [DS], a child under the age of 16, and that such conduct was of a nature to bring discredit upon the armed forces.

Speciation 5:  In that [appellant], did while on board the SS OAK HILL, between 20 December 2011 to on or about 24 December 2011, knowingly and wrongfully view child pornography, to wit:  a video of sexually explicit conduct between the said [appellant] and Ms. [DS], a child under the age of 16, and that such conduct was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). The maximum sentence appellant could have received included confinement in excess of 100 years. We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge MULLIGAN and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court